Clifford J. Bourgeois
6460 Convoy Ct., Spc 220
San Diego, CA 92117
joebourg62@aol.com
(619) 933-2988

FILED
17 SEP 14 PM 4:04
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ZMC DEPUTY

# District court of the United States
## Southern district of California

| | |
|---|---|
| **Clifford J. Bourgeois,** *Plaintiff,* | Case No : '17CV1881 GPC AGS |
| vs. | **Complaint for Damages** |
| **Allied Interstate, LLC** *Defendant* | **Trial by Jury Demanded** |

## NATURE OF THIS CLAIM/COMPLAINT

1. The United States Congress has found evidence that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy. Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. Congress wrote The Telephone Consumer Protection Act of 1991, *47 USC 227.* (hereinafter TCPA).

Clifford J. Bourgeois
6460 Convoy Ct., Spc 220
San Diego, CA 92117
joebourg62@aol.com
(619) 933-2988

# District court of the United States
# Southern district of California

| **Clifford J. Bourgeois,** *Plaintiff,* vs. **Allied Interstate, LLC** *Defendant* | **Case No :** <br><br> **Complaint for Damages** <br><br> **Trial by Jury Demanded** |
|---|---|

## NATURE OF THIS CLAIM/COMPLAINT

1. The United States Congress has found evidence that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy. Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. Congress wrote The Telephone Consumer Protection Act of 1991, *47 USC 227.* (hereinafter TCPA).

2. Plaintiff seeks to recover monetary damages for Defendant's violations of the TCPA.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to Article 3 of the Constitution, **47 USC 2273(b)A** and **28 USC 1331**.
4. Plaintiff resides in San Diego County, California. Defendant's conduct causing this complaint occurred in San Diego County, California.
5. Venue is proper in the southern district of California.

## PARTIES

6. The Plaintiff in this lawsuit is Clifford J. Bourgeois, a natural person residing in San Diego County, California.
7. Defendant Allied Interstate, LLC (Allied) is a Foreign Minnesota Company, with an office address of 12755 Highway 55, Suite 300, Plymouth, MN and a mailing address of P.O. Box 4000, Warrenton, VA 20188. Allied is properly licensed to conduct debt collection business in California, as shown on **Exhibit A**.
8. iQor (iQor) is a Global company that provides many different products and services to its customers. They also develop their own proprietary software and hardware technologies to conduct their various business sectors.
9. Allied, as a wholly owned subsidiary of iQor, conducts their debt collection business under iQor's "Financial Services" segment and utilizes iQor's various technologies.

## FACTUAL ALLEGATIONS

10. In a 7 day period, from October 21, 2014 to October 28, 2014, Plaintiff received 27 calls to his wireless telephone, number (619) 933-2988, originating from two different phone numbers, as shown in **Exhibit B1 thru B27**.

11. The originating telephone numbers, (877) 498-8563 and (877) 488-3558, both belong to Defendant.

12. Plaintiff answered many calls and told the Defendant to stop calling his cell phone, only to realize there was "dead air" and then getting hung up on.

13. Phone call number 17 from the Defendant occurred at 9:26pm, as shown by **Exhibit B17**.

14. Phone call number 21 from the Defendant occurred at 9:53pm, as shown by **Exhibit B21**.

15. When Plaintiff answered call number 26, there was nobody on the other end, nor dead air. Strangely, Plaintiff heard a ringing as if Plaintiff was the one who initiated the call. After several rings, an unknown female answered. She refused to answer my question of "why are you calling," saying only that we are "calling on a personal business matter." Furthermore, when Plaintiff asked for the name of the company she worked for, she refused to identify the company. After great frustration, Plaintiff hung up the phone.

16. When Plaintiff answered call number 27, again, there was nobody on the other end, nor dead air. Strangely, Plaintiff heard a ringing as if Plaintiff was the one who initiated the call. After several rings, a male, who identified himself as Ed Goyonan (Ed) answered. He refused to answer my question of "why are you calling," saying only that we are "calling on a personal business matter." Furthermore, when Plaintiff asked for the name

of the company he worked for, Ed refused to identify the company. After great frustration, Plaintiff hung up the phone.

17. Shortly after the phone calls finally stopped, Plaintiff learned that Allied was trying to collect a credit card debt belonging to Marge Mears (Marge), Plaintiff's ex-mother-in-law, on behalf of Bank of America.

18. In the regular course of business, Allied uses an "Automatic Telephone Dialing System" (ATDS), as defined by *47 USC 277A(1)*, for outbound calling services. The Public Record of the *Texas Public Utilities Commission* demonstrates that Allied has registered its use of auto-dialers, ATDS equipment, as shown in **Exhibit C**.

19. Furthermore, Allied uses iQor's proprietary *APPARATUSES, METHODS AND SYSTEMS FOR AN AUTOMATED DATA EXTRACTOR-BASED WEB ACCESS MANAGER* (ADE-WAM) technology which incorporates the use of auto-dialers and automated messages.

20. Additionally, Plaintiff acquired a copy of iQor's ADE-WAM Patent from the US Patent Office website, shown as **Exhibit D**. As shown in the highlighted areas of pages 4, 20 and 23, Allied's use of auto-dialers, ATDS, is well established.

21. Regarding each call, at no time has Plaintiff ever given his express consent, written or otherwise, allowing Defendant to use ATDS equipment to call his wireless telephone. Consequently, Defendant violated *47 USC 277b(1)A(iii)* 27 times.

22. Defendant's conduct of invading Plaintiff's privacy and multiple violations of Federal Law has caused the Plaintiff the following damages:
   a. personal expenses related to seeking remedy in this proceeding
   b. physical injury to Plaintiff resulting in emotional distress, frustration, mental anguish and loss of happiness.

23. Defendant's conduct in this case is exactly why the San Diego County District Attorney's Office, as well as three other California District Attorney's Office's, have filed their own lawsuits against Defendant on behalf of the People of California.

24. *47 USC 277a(1)* states in part:
    Restrictions on use of telephone equipment
    (a) Definitions as used in this section—
    (1) The term **"automatic telephone dialing system"** means equipment which has the capacity—
    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
    (B) to dial such numbers.

25. *47 USC 277b(1)A(iii)* states in part:
    **(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT**
    **(1) PROHIBITIONS.**—It shall be unlawful for any person within the United States..
    **(A)** to make any call ( other than a call…with the prior express consent of the called party) using any **automatic telephone dialing system**
    **(iii)** to any telephone number assigned to a… cellular telephone service… which the called party is charged for the call.

## COUNT I OF CLAIM
## Violations of the TCPA

26. Plaintiff repeats and re-alleges each and every allegation stated above.
27. Defendants' aforementioned conduct violated the TCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

   a. Adjudging that Defendants violated the TCPA;
   b. Awarding Plaintiff statutory damages, pursuant to *47 USC 227b(3)B*, of $500 for each of 27 telephone calls, totaling damages of $13,500;
   c. Awarding Plaintiff court costs.
   d. Awarding any injunctive or further relief the court deems proper.

## COUNT II OF CLAIM
### Violations of the TCPA

28. Plaintiff repeats and re-alleges each and every allegation stated above.

29. Defendants' aforementioned acts constitute numerous and multiple knowing and/or willful violations of the TCPA.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

  a. Adjudging that Defendants *willfully and knowingly* violated the TCPA;
  b. Awarding Plaintiff additional trebled statutory damages, pursuant to *47 USC 227b(3)*, of $1,500 for each of 27 telephone calls, totaling damages of $40,500.;
  c. Awarding Plaintiff court costs.
  d. Awarding any injunctive or further relief the court deems proper.

## Demand for a Trial by Jury

Plaintiff demands a Trial by Jury, pursuant to Article 7 of the Constitution.

Respectfully submitted,

Dated: July 27, 2017

_____
Clifford J. Bourgeois, Plaintiff